IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARRIE SHELNUTT, Individually and on behalf of all others similarly situated, ) ) Plaintiff, ) ) v. ) ) AT&T MOBILITY, LLC, et al., ) ) Defendants. ) | Case No. 10-0469-CV-W-HFS |

**MEMORANDUM AND ORDER**

Defendants have filed a motion to compel arbitration and dismiss this case, based on plaintiff Carrie Shelnutt's acceptance of an agreement to arbitrate her claims when she purchased cell phones on two separate occasions. Plaintiff asserts that the arbitration agreement (which included a class action waiver) is unconscionable under Missouri law, both procedurally and substantively, and therefore invalid and unenforceable. For the reasons discussed below, the motion to compel arbitration and to dismiss will be denied as moot, and the case will be remanded.

**I.    Facts**

Plaintiff filed this case in the Circuit Court of Jackson County, Missouri, alleging that defendants unlawfully billed customers to recover losses from litigation settlements with Missouri municipalities. Plf.'s Compl. ¶¶ 1, 2. In this putative class action, plaintiff alleges that the liability was passed on to customers by billing them for monthly charges characterized as "special municipal charges" or "municipal gross receipts" surcharges. Plf.'s Compl. ¶¶ 2, 24. Count I of the complaint asserts that these charges were unauthorized and violated the Missouri Merchandising Practices Act, Mo. Rev. Stat § 417.010. The complaint also makes claims for unjust enrichment (Count II), action

for money had and received (Count III), breach of implied covenant of good faith and fair dealing (Count IV), and damages and attorney's fees (Count V).

Defendants removed the case to this court on diversity grounds and a subsequently filed a motion to compel arbitration and dismiss. They argue that when plaintiff obtained wireless cell phone service from defendant AT&T Mobility LLC (ATTM), she "repeatedly agreed to arbitrate her dispute with ATTM and its predecessors, subsidiaries, and affiliates."

Upon the purchase and activation of cellular phones in 2007 and 2009, plaintiff entered into service contracts with ATTM that included arbitration provisions. On December 2, 2007, at a Lee's Summit, Missouri store, plaintiff accepted ATTM's Terms of Service for two phones by twice signing the store's electronic signature-capture device under an acknowledgment stating: "I have read, understood and agree to be bound by the agreement for wireless service on the above number. The agreement I am signing includes the Cingular Service Summary, Terms of Service, Rate Plan and features brochure for the services described in the Cingular Service Summary all of which I acknowledge were presented to me prior to my signing below." Doc. 10, Exs. 1-4 of Ex. A to Decl. of Caroline Mahone-Gonzalez.

On December 22, 2009, plaintiff entered into another contract when purchasing a new phone. The first paragraph of the Terms of Service states in bold: "**This Agreement requires the use of arbitration on an individual basis to resolve disputes, rather than jury trials or class actions, and also limits the remedies available to you in the event of a dispute.**" Doc. 10, Ex. 2, p. 1, of Ex. C of Richard J. Rives. The arbitration provisions, which are set out more fully later in the Terms of Service, also state: "**You agree that, by entering into this Agreement, you and AT&T are each waiving the right to a trial by jury and to participate in a class action.**" Id., p. 15. In

addition, in all caps and bold, is the following statement: "**YOU AND AT&T AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.**" Id., p. 18. The arbitration agreement contains various features that ATTM contends are "consumer friendly." Id., pp. 14-18. For non-frivolous claims of $75,000 or less, ATTM agrees to pay all filing, administration and arbitrator fees. The arbitrator may award the same remedies as a court (including punitive damages and attorney's fees). If the arbitral award exceeds ATTM's last written settlement offer prior to the arbitrator being selected, ATTM must pay the customer $10,000 in place of the award from arbitration. In that event, the customer is also entitled to double attorney's fees. Also, ATTM disclaims any right it may have to attorney's fees if it prevails. The arbitration need not be kept confidential. In addition, the customer has a right to choose an in-person, telephonic or "desk" arbitration. Regardless of the manner of arbitration, the arbitrator must issue a written decision "sufficient to explain the essential findings and conclusions on which the award is based." Id. Finally, as an alternative to arbitration, either party may bring a claim in small claims court.

**II.     Analysis**

The Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., provides that "an agreement in writing to submit to arbitration an existing controversy arising out of . . . a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." The Eighth Circuit has held that "'[a] dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of the agreement.'" Berkley v. Dillard's Inc., 450 F.3d 775, 777 (8th Cir. 2006)(citation omitted). More

recently, the Supreme Court reiterated that "the central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1773 (2010) (quoting Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989)). For the FAA to apply, (1) the agreement to arbitrate must be "written," and (2) it must be in a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. Here, there is no dispute that both requirements are met.

The central issue here is whether the parties' agreement to arbitrate is valid and therefore enforceable under the FAA. "[S]tate contract law governs the threshold question of whether an enforceable arbitration agreement exists between the litigants; if an enforceable agreement exists, the federal substantive law of arbitrability governs whether the litigants' dispute falls within the scope of the arbitration agreement." Donaldson Co., Inc. v. Burroughs Diesel, Inc., 581 F.3d 726, 731 (8th Cir. 2009). The Missouri Court of Appeals has stated: "'[G]enerally applicable state law contract defenses, such as fraud, duress and unconscionability, may be used to invalidate arbitration agreements without contravening the FAA.'" Whitney v. Alltel Communications, Inc., 173 S.W.3d 300, 308 (Mo. App. 2005) (citation omitted).

Here, plaintiff argues that the arbitration agreement, which contains a class action waiver, is unconscionable. Last year, the Missouri Supreme Court examined the unconscionability of class action waivers in arbitration agreements. Brewer v. Missouri Title Loans, Inc., 323 S.W.3d 18 (Mo. en banc 2010).[1] The court held that "requiring individual arbitration can be reasonable and

---

[1] This decision (as well as a companion case, Ruhl v. Lee's Summit Honda, 322 S.W.3d 126 (Mo. en banc 2010)) came down after briefing of the motion at hand was completed. However, defendants filed a Notice of Recent Authority and included argument, and plaintiff subsequently filed a response.

4

enforceable. It is only when the practical effect of forcing a case to individual arbitration is to deny the injured party a remedy" that a requirement for individual arbitration is unconscionable. Id. at 21. There are two aspects to unconscionability – procedural and substantive. The Brewer court explained: "Procedural unconscionability relates to the formalities of making an agreement and encompasses, for instance, fine print clauses, high pressure sales tactics or unequal bargaining positions. . . . Substantive unconscionability refers to undue harshness in the contract terms." Id. at 22 (citations omitted). The court held that "Missouri law does not require the party claiming unconscionability to prove both procedural and substantive unconscionability. Under Missouri law, unconscionability can be procedural, substantive or a combination of both." Id.

Defendants argue that the manner in which plaintiff accepted the arbitration agreement was not unconscionable, either substantively or procedurally. As to the substantive aspect, defendants assert that the Eighth Circuit has "twice rejected the contention that, standing alone, a requirement that arbitration be conducted on an individual basis can be substantively unconscionable under Missouri law," citing Cicle v. Chase Bank USA, 583 F.3d 549, 555-56 (8th Cir. 2009), and Pleasants v. American Express Co., 541 F.3d 853, 858-59 (8th Cir. 2008). They also note that after Brewer, it is clear that class action waivers in arbitration agreements can be "reasonable and enforceable." Defendants argue that, as compared to the arbitration provisions in Cicle and Pleasants (as well as Brewer and Ruhl), plaintiff's arbitration agreement is more favorable to the consumer. In response, plaintiff argues that arbitration agreement "takes away the right of an individual to represent a class" and "leaves neither the consumer nor the public with any meaningful private means by which to compel Defendants to comply with the law." Plaintiff also contend that because of the nominal monetary amounts at issue for a given consumer (the monthly charge at issue is around $2), she and

5

other consumers would be hard-pressed to find an attorney willing to take the case.

With regard to the procedural aspect, defendants argue that the arbitration agreement is not unconscionable simply because it is contained in a standard form contract, citing Cicle, 583 F.3d at 555. They further contend that arbitration and class action waiver information was up front in the Terms of Service and that key statements were in bold and/or all caps to draw the consumer's attention. Defendants also argue that plaintiff was free to obtain wireless service with another carrier that did not require an arbitration agreement. In response, plaintiff argues that defendants are in a "vastly superior bargaining position" and that the service agreement was lengthy and comprised of various booklets, containing terms offered on a "take it or leave it basis" without the possibility of negotiating those terms. Plaintiff contends that it would take hours to read, analyze and understand all of the implications, hardly a situation amenable to a quick consumer transaction involving acknowledgment and acceptance by electronic signature.

Late last year, the United States District Court for Eastern District of Missouri was faced with a case filed by another ATTM customer challenging as unconscionable an arbitration agreement and class action waiver provisions essentially identical to those in the case at bar. Fay v. New Cingular, Wireless, PCS, LLC, 2010 WL 4905698 (E.D. Mo. Nov. 24, 2010).[2] In Fay, the plaintiff alleged that the defendant wrongfully charged him (and the putative class members) an activation fee for wireless telephone service. Fay, 2010 WL 4905698, at *1.

In the opinion, Judge Henry Edward Autrey carefully parsed the Brewer opinion in analyzing the issue of unconscionability. With respect to procedural unconscionability, the court concluded that the plaintiff "was free to refuse to enter into the contract if he did not want to arbitrate disputes

---

[2] Defendants filed a Notice of Recent Authority as to the Fay case, accompanied by brief argument. Unlike in the prior instance, plaintiff did not file any response to defendants' Notice.

6

and seek wireless service from another provider." Id. at *3. In addition, "the terms of the arbitration provisions are set out, not in fine print buried within the Agreement, but in bold print, some capitalization and are conspicuous in the Terms of Service Agreement." Id. The court noted that the plaintiff had agreed to the Terms of Service on two separate occasions. Considering these facts, the court concluded that the Agreement was "not procedurally unconscionable as it relates to the formalities of the making of an agreement." Id.

As to the issue of substantive unconscionability, the court found that the arbitration provision was "not unduly harsh or one-sided" and noted that plaintiff retained "his substantive remedies that would be available to him in court, including punitive damages and attorneys' fees." Fay, 2010 WL 4905698, at *3. The court also reasoned that plaintiff's claim that no attorney would take on his claim was "clearly negated by the ability of the customer to receive attorneys' fees." Id. After considering the other key substantive aspects of arbitration under the agreement (e.g., ATTM paying arbitration costs, ATTM paying $10,000 if arbitrator awards more than last settlement offer, access to small claims court, ATTM disclaming attorney's fees, consumer control over method of arbitration, written arbitration decision), the court found that "[t]aken together, the procedures for arbitration are not unduly harsh." Id. at *4. The court also found that "[t]he arbitration provision provides Plaintiff the opportunity to resolve his claims in a customer friendly arbitration." Id. Thus, the court concluded that the arbitration provision was not substantively unconscionable. Id. Finding no unconscionability in the procedure or substance of the arbitration provision, the court granted the defendant's motion to compel arbitration and dismiss action. Id.

This court finds Judge Autrey's decision to be well-reasoned and consistent with Eighth Circuit law, as ruled in the Pleasants decision. As a result, the court will sua sponte remand this

7

case, based on my view of the sound rationale of defendants' motion to compel and dismiss, since it appears that less than $75,000 is in dispute, and my further view that a remand (like a transfer) is preferable to a dismissal.[3]

Accordingly, it is hereby

ORDERED that defendants' motion to compel arbitration and dismiss (ECF doc. 9) is DENIED as moot, and the case will be remanded to the Circuit Court of Jackson County, Missouri under case number 1016-CV09652, for reasons stated herein and those stated by Judge Autrey in the Fay case, absent an appeal on or before April 30, 2011.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March  30 , 2011

Kansas City, Missouri

---

[3] This may result in reconsideration of the substantive issues by the Missouri court, which is entitled to the final say on those questions. I am aware that removal may again be possible if the Missouri courts reject defendants' contentions.